D. Maimon Kirschenbaum
Michael Digiulio
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff and proposed FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------x

**MILTON ANIBAL MEJIA, on behalf of himself and others similarly situated,**

**Plaintiff,**

**v.**

**HAMIDE NYC INC d/b/a RIVA MEDITERRANEAN & TURKISH CUISINE, FERUZ REZAEV, and ERCAN UN,**

**Defendants.**

-----------------------------------------------------x

**CASE NO. 1:26-cv-6581**

**<u>COMPLAINT</u>**

**FLSA COLLECTIVE ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendants HAMIDE NYC INC d/b/a Riva Mediterranean & Turkish Cuisine, Feruz Rezaev, and Ercan Un are hereinafter referred to collectively as "Defendants."

4. Defendant HAMIDE NYC INC ("Hamide NYC") is a New York corporation that owns and operates Riva Mediterranean & Turkish Cuisine.

5. Hamide NYC has an annual gross volume of sales in excess of $500,000.

6. Hamide NYC has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

7. Defendants Feruz Rezaev and Un own and operate Hamide NYC. They both actively manage the restaurant and its employees on a day-to-day basis.

8. Defendant Ercan Un is in charge of scheduling, hiring/firing and pay for all front of the house employees. He hired Plaintiff.

9. Defendant Feruz Rezaev is an owner/chef and manages the "back of the house." He is in charge of scheduling, hiring/firing and pay for all back of the house employees. He also exercises authority over front of the house employees and has periodically given Plaintiff direct service instructions in Defendant Un's absence.

10. Together Defendants Un and Rezaev share ultimate authority over all hiring/firing, payroll and other managerial issues. Both of them are listed as principals of the restaurant with New York State's Liquor authority.

11. Plaintiff Milton Anibal Mejia worked for Defendants as a busser/server from September 2023 to September 2026.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all employees employed by Defendants as service employees, including bussers, runners, bartenders and barbacks on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiff").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiff are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of failing to pay the properly for overtime. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiff.

14. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiff are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiff via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## **FACTS**

15. Plaintiff's Consent to Sue form is attached as Exhibit A.

16. Plaintiff worked as a busser/server for Defendants.

17. Plaintiff was paid for his hours worked at the New York foodservice workers' minimum wage, which is lower than the full NY minimum wage.

18. However, Defendants were not entitled to pay Plaintiff pursuant to the foodservice workers' minimum wage because they did not give Plaintiff notice of the tip credit.

19. Plaintiff often worked overtime. For example, in the one-week pay period for which Plaintiff was paid on July 29, 2026, he worked and was paid for 45.80 hours. For the overtime Plaintiff worked, Defendants paid him at an overtime rate reduced by New York's tip credit.

20. Because Defendants were not entitled to pay Plaintiff under the tip credit rate, their application of a tip credit to his overtime rate was an improper underpayment of overtime compensation.

21. Plaintiff typically worked from 12:00 p.m. until past 11:30 on Wednesdays and Thursdays. Defendants did not pay Plaintiff New York's "spread of hours" premium for these shifts.

22. Defendants required service employees, including Plaintiff, to share tips with an individual named Kaan, including on shifts where Kaan performed no service work at all in the restaurant.

23. Plaintiff did not receive upon hire or at any later point a notice and acknowledgment of pay rate in Spanish—his primary language—as required by New York law.

24. Had Plaintiff been provided accurate information with respect to the full minimum wage, the tip credit being applied to his wage, his proper overtime rate, and received a notice and acknowledgment of pay rate, he would have asserted his rights under the FLSA and NYLL at an earlier time.

25. Defendants committed the foregoing acts against Plaintiff and the FLSA Collective Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Members)**

26. Plaintiffs realleges and incorporates by reference all previous paragraphs.

27. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

28. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs for their overtime worked.

29. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d**
**Brought By Plaintiff on Behalf of Himself and the FLSA Collective Members)**

30. Plaintiff realleges and incorporates by reference all previous paragraphs.

31. Defendants willfully retained/misappropriated portions of Plaintiff's and the FLSA Collective members' tips.

32. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(New York Minimum Wage Violations,**
**N.Y. Lab. L. §§ 650 *et seq.*, 12 NYCRR §§ 146-1.3, 2.2**
**Brought by Plaintiff on behalf of Himself and the FLSA Collective Members)**

33. Plaintiff realleges and incorporates by reference all previous paragraphs.

34. Defendants knowingly paid Plaintiff and FLSA Collective Members less than the New York State minimum wage for all hours worked.

35. As a result of Defendants' unlawful conduct, Plaintiff and members of the FLSA Collective are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Members)**

36. Plaintiffs reallege and incorporates by reference all previous paragraphs.

37. Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

38. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Collective are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations, 12 NYCRR § 146-1.6**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Members)**

39. Plaintiff realleges and incorporates by reference all previous paragraphs.

40. Defendants did not pay Plaintiff and the FLSA Collective Members New York's spread of hours premium when their workdays spanned more than 10 hours.

41. As a result of Defendants' unlawful conduct, Plaintiffs and members of the FLSA Collective are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on behalf of himself and the FLSA Collective)**

42. Plaintiff realleges and incorporates by reference all previous paragraphs.

43. Defendants did not provide Plaintiff and FLSA Collective Members with the notices required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates.

44. As a result of Defendants' unlawful conduct, Plaintiff and members of the FLSA Collective are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: October 13, 2026
New York, NY

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff and proposed FLSA Collective Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.